Mark E. Ellis - 127159
Ronald R. Poirier - 175511
Jennifer S. Gregory - 228593
Naisha Covarrubias - 239499
ELLIS, COLEMAN, POIRIER, LAVOIE,
& STEINHEIMER, LLP
555 University Avenue, Suite 200 East
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ecplslaw.com

Attorneys for Plaintiff, JASON NIELSEN

DOWNEY BRAND LLP
TORY E. GRIFFIN (Bar No. 186181)
MONICA S. HANS (Bar No. 227379)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4731
Telephone:     (916) 444-1000
Facsimile:      (916) 444-2100
tgriffin@downeybrand.com
mhans@downeybrand.com

Attorneys for Defendants
TROFHOLZ TECHNOLOGIES, INC.,
a California Corporation;
BRENNA PEDONE; YVONNE GLENN;
TROY GLENN, and ANDREW PARKER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON NIELSEN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TROFHOLZ TECHNOLOGIES, INC., et al.,<br><br>　　　　Defendant. | Case No.:  2:09-CV-00960-WBS-DAD<br><br>**STIPULATION AND [PROPOSED] ORDER TO MODIFY STATUS (PRETRIAL SCHEDULING) ORDER** |

Plaintiff JASON NIELSEN and Defendants TROFHOLZ TECHNOLOGIES, INC., TROY GLENN, YVONNE GLENN, BRENNA PEDONE, and ANDREW PARKER (collectively "Defendants") of the above-entitled action jointly submit this Stipulation and Proposed Order to Modify the Court's August 5, 2009, Status (Pretrial Scheduling) Order. For the reasons set forth below, the parties request that the pretrial and trial dates be continued for 60-90 days.

In support of this Stipulation, the parties provide the Court with the following background demonstrating good cause for the parties' request, as required by Fed. R. Civ. P. 16(b).

## I. **PROCEDURAL STATUS**

**A.   Brief Summary of the Claims:**

Plaintiff Jason Nielsen ("Plaintiff") is a former employee of Trofholz Technologies Inc, ("TTI") and worked as a project manager out of the Rocklin office. Plaintiff alleges that Defendant Andrew Parker and a female employee, who was a direct subordinate of Plaintiff, at TTI had been engaging in a sexual relationship and that as a result of said relationship, Parker had been favoring his paramour and discriminating against Plaintiff. After Plaintiff's report of the affair to TTI management Defendants, and each of them, subjected Plaintiff to a hostile work environment, discrimination, harassment, and retaliation, including, but not limited to, unjustified negative performance reviews, unwarranted disciplinary actions, denial of pay increases and/or bonuses, further harassment and retaliation, and ultimately, Defendant TTI's wrongful termination of Plaintiff on or about December 30, 2008. Defendants deny these allegations.

**B.   Status of Service of Process**

As of the time the Court issued its Status (Pretrial Scheduling) Order on August 5, 2009, Plaintiff had not served defendant Andrew Parker. In its Status (Pretrial Scheduling) Order, the Court ordered that Parker be served within forty (40) days of the date of the Order, or by September 14, 2009.

Parker does not reside in California, and is on active military duty in Washington, D.C. Plaintiff was not able to serve Parker until on or around April 7, 2010. Parker answered Plaintiff's Complaint on April 26, 2010.

/ / /

**C.    Status of Discovery**

The parties have exchanged written discovery requests and responses thereto.

The parties have exchanged expert witness reports.

Defendants TTI, Yvonne Glenn, Troy Glenn and Brenna Pedone took Plaintiff's deposition on January 20, 2010.

Plaintiff has commenced depositions of defendants and various TTI employees, with several depositions noticed for May and early June 2010.

The parties have yet to take the depositions of the other party's designated expert witnesses.

## II.  GOOD CAUSE DEMONSTRATING NEED TO CONTINUE SCHEDULING ORDER DEADLINES

Scheduling orders entered before the final pretrial conference may be modified upon a showing of "good cause." *Hannon v. Chater*, 887 F.Supp. 1303 (N.D.Cal. 1995); Fed. R. Civ. P. 16(b)(4). With this understanding in mind, the parties believe "good cause" is present to support the need for an extension of the case deadlines for approximately 60-90 days.

Defendant Parker is a Lt. Colonel in the United States Army, and is stationed at the Pentagon. He resides in Arlington, Virginia. Although this case was filed on April 9, 2009, Plaintiff was unable to serve Parker until April 7, 2010. Plaintiff believes that Parker is an integral party to this case. Parker's addition to this action at this time creates serious problems under the existing schedule. The current discovery cutoff date is June 7, 2010. Parker will serve written discovery shortly. Plaintiff of course desires to take Parker's deposition, which given his military commitments may have to take place in Virginia.

Counsel for the parties have met and conferred extensively on potential dates for various depositions, and their current schedules for May 2010, coupled with Parker's current military schedule, do not allow for a deposition of Parker before the currently scheduled discovery cutoff. The parties believe his deposition will have to be scheduled some time in late June 2010.

In addition, due to unforeseen circumstances, the deposition of Yvonne Glenn, which was scheduled for April 29, 2010, had to be rescheduled, and after meeting and conferring the parties' counsel have no compatible dates on which to complete Ms. Glenn's deposition prior to the current

discovery cutoff date.

The parties already have several depositions set for May and early June 2010. Expert depositions still need to be scheduled, but given counsel's respective schedules, those depositions will be unable to take place until at least mid-June 2010. Moreover, the parties desire to complete non-expert discovery before taking the expert depositions.

Therefore, to allow the parties to complete discovery in an orderly manner now that defendant Parker has been served and has appeared in this action, the parties propose to extend the discovery cutoff deadline by sixty (60) days, and to extent all other pretrial dates and the trial date by 60-90 days, as follows:

| **Deadline/Event** | **Current Date** | **Proposed Date** |
|---|---|---|
| Discovery Cut-Off (including experts) | June 7, 2010 | August 6, 2010 |
| Law and Motion Cutoff (filing deadline) | July 26, 2010 | September 24, 2010 |
| Pre-Trial Conference Date | October 4, 2010 | December 6, 2010 |
| Trial Date | December 4, 2010 | March 8, 2011[1] |

## STIPULATION

The parties, through their counsel, HEREBY STIPULATE to amend the Status (Pretrial Scheduling) Order as set forth above.

DATED: May 4, 2010            Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP

By: /s/ Jennifer S. Gregory
JENNIFER S. GREGORY
Attorney For Plaintiff Jason Nielsen

---

[1] Defendants' counsel's current trial schedule precludes an earlier trial date in early 2011.

DATED: May 4, 2010                              Downey Brand LLP


By: /s/ Tory E. Griffin
TORY E. GRIFFIN
Attorney for Defendants
TROFHOLZ TECHNOLOGIES, INC., YVONNE GLENN, TROY GLENN, BRENNA PEDONE and ANDREW PARKER

## **ORDER**

Based on the stipulation of the parties, and finding good cause therefore, the Court hereby amends the August 5, 2009 Status (Pretrial Scheduling) Order as follows:

1. The discovery cutoff is extended to August 6, 2010;

2. All motions, except motions for continuances, temporary restraining orders, or other emergency motions, shall be filed on or before September 24, 2010;

3. The Final Pretrial Conference is set for **December 13, 2010, at 2:00 p.m.** in Courtroom No. 5; and

4. The jury trial is set for **March 15, 2011, at 9:00 a.m.**

IT IS SO ORDERED.

Dated: May 5, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE