1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                        ----oo0oo----

11

12  JASON NIELSEN,                    NO. CIV. 2:09-960 WBS KJN

13          Plaintiff,
                                      ORDER RE: COSTS
14      v.

15  TROFHOLZ TECHNOLOGIES, INC., a
    California Corporation, ANDREW
16  PARKER, an individual, BRENNA
    PEDONE, an individual, YVONNE
17  GLENN, an individual, TROY
    GLENN, an individual and DOES
18  1-10, inclusive,

19          Defendants.
    _____/
20

21                        ----oo0oo----

22          On November 2, 2010, the court entered final judgment

23  in this case in favor of defendants.  (Docket No. 63.)

24  Defendants submitted a cost bill totaling $6,434.19 (Docket No.

25  64), to which plaintiff has objected in part.  (Docket No. 65.)

26          Rule 54(d)(1) of the Federal Rules of Civil Procedure

27  and Local Rule 292 govern the taxation of costs to losing

28  parties, which are generally subject to limits set under 28

                                1

1  U.S.C. § 1920.  See 28 U.S.C. § 1920 (enumerating taxable costs);

2  Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules,

3  or a court order provides otherwise, costs--other than attorney's

4  fees--should be allowed to the prevailing party."); Local R.

5  292(f); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437,

6  441 (1987) (limiting taxable costs to those enumerated in §

7  1920).

8        The court exercises its discretion in determining

9  whether to allow certain costs.  See Amarel v. Connell, 102 F.3d

10  1494, 1523 (9th Cir. 1996) (holding that the district court has

11  discretion to determine what constitutes a taxable cost within

12  the meaning of § 1920); Alflex Corp. v. Underwriters Labs., Inc.,

13  914 F.2d 175, 177 (9th Cir. 1990) (same).  The losing party has

14  the burden of overcoming the presumption in favor of awarding

15  costs to the prevailing party.  See Russian River Watershed Prot.

16  Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998)

17  (noting that the presumption "may only be overcome by pointing to

18  some impropriety on the part of the prevailing party"); Amarel,

19  102 F.3d at 1523; see also Local R. 292(d) ("If no objection is

20  filed, the Clerk shall proceed to tax and enter costs.").

21        Plaintiff does not dispute the costs related to the

22  transcripts of depositions of Troy Glenn, Brenna Pedone, Jon

23  Rauer, Luanne Kelshiemer, Yvonne Glenn, and Andrew Parker, and

24  the court finds those costs to be reasonable.[1]  Defendants have

25

26  _____

27        [1]   While plaintiff characterizes the undisputed costs as
    totaling $2,522.09, the court, in reviewing defendants' attached
    invoices, finds that they totaled $2,621.70.  (See Bill of Costs
28  (Docket No. 64) at 5-11.)

withdrawn their request the for cost of condensed transcripts[2]
and costs associated with the unsuccessful service on John Avila
for $520.05.  The costs that remain disputed are the video
recording of plaintiff's deposition, the stenographic transcript
of plaintiff's deposition, shipping fees associated with the
other depositions, and witness fees for plaintiff's doctors.

Defendants claim $1,082.00 in costs for video recording
of plaintiff's deposition.  Section 1920(2) allows for recovery
of "[f]ees for printed or electronically recorded transcripts
necessarily obtained for use in the case."  28 U.S.C. § 1920(2).
Plaintiff objects to defendants' use of both stenographic
transcripts and video transcripts, arguing that defendants have
not shown why the use of both mediums was necessary.  Courts have
awarded costs for both a videotaped and stenographic transcript
of a deposition when both were reasonably necessary for the
litigation.  See Beamon v. Marshall & Ilsley Trust Co., 411 F.3d
854, 864 (7th Cir. 2005); BDT Prods., Inc. v. Lexmark Int'l,
Inc., 405 F.3d 415, 419-20 (6th Cir. 2005); Tilton v. Capital
Cities/ABC, Inc., 115 F.3d 1471, 1478 (10th Cir. 1997); Morrison
v. Reichhold Chems., Inc., 97 F.3d 460, 464-65 (11th Cir. 1996).

Defendants contend that the videotaped depositions were
necessary because plaintiff was a crucial witness who would need
to be impeached at trial.  (Defs.' Reply in Supp. of Bill of
Costs at 4:5-7.)  This rationale fails to explain why both a
videotaped and printed transcript were necessary, since a printed

---

[2]     Defendants mistakenly state that condensed transcripts
cost only $90.00, but they in fact cost $105.00.  (See Bill of
Costs (Docket No. 64) at 5-11.)

3

transcript alone could easily have been used to impeach plaintiff.  Something beyond "convenience or duplication to ensure alternative methods for presenting materials at trial" is needed to tax costs for both a printed and videotaped deposition transcript.  <u>Cherry v. Champion Int'l Corp.</u>, 186 F.3d 442, 449 (4th Cir. 1999).  Accordingly, the court will disallow the video recording costs.

Defendants also seek to recover costs for the transcript and one copy of plaintiff's deposition for $1,816.55. The court finds that this cost is reasonably necessary and will allow it.  <u>See</u> <u>Alflex Corp.</u>, 914 F.2d at 177.

The court will allow shipping costs related to the transcripts, as they are associated with court reporters' fees and were necessarily incurred in order to obtain the transcripts. <u>See</u> Local R. 292(f)(3), (5).

Finally, the court will allow the witness fees. Plaintiff identified the three doctors as his medical care providers, and it was reasonable for defendants to obtain their records.  (Defs.' Reply in Supp. of Bill of Costs at 5:15-19.)

After reviewing the bill, the court finds the following costs to be reasonable:

| | |
|---|---|
| Fees of Court Reporters for Transcripts: | $2,621.70 |
| Nielsen Stenographic Deposition: | $1,816.55 |
| Shipping Costs: | $122.50 |
| Fees for Witnesses: | $164.00 |
| **Total** | **$4,724.75** |

Accordingly, the cost of **$4,724.75** will be allowed.

IT IS SO ORDERED.

4

DATED: December 8, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5